UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | Case No. 21-CR-28 (APM) |
| | : | |
| BENNIE PARKER | : | |

**BENNIE PARKER'S MOTION PURSUANT TO 28 U.S.C. 2255 AND/OR WRIT OF CORAM NOBIS**

COMES NOW Defendant, Bennie Parker, through undersigned counsel, Stephen F. Brennwald, Esq., and in support of his Motion Pursuant to 28 U.S.C. 2255, moves this Court to vacate his conviction on one count of Conspiracy to Obstruct an Official Proceeding. In support thereof, he states as follows:

Defendant was charged with a variety of offenses as a result of the events of January 6, 2021, at the United States Capitol, including Conspiracy to Obstruct an Official Proceeding, 18 U.S.C. 1512(k).

Pretrial, defendant moved to dismiss Count 1 of the relevant indictment (there were several), arguing that the obstruction statute did not apply to Mr. Parker's actions on January 6, 2024.

That motion was denied.

Defendant was eventually convicted of conspiring to obstruct an official proceeding, and he was sentenced on September 1, 2023.

That conviction became final on September 21, 2023.

Mr. Parker did not appeal his conviction or his sentence.

At present, Mr. Parker is on supervised release. Thus, pursuant to 28 U.S.C. §2255, he is under sentence of the Court, and eligible for relief pursuant to the statute.

On June 28, 2024, the Supreme Court of the United States found that the Obstruction statute was improperly applied to the case before it. *Fischer v. United States*, 23-5572 (June 28, 2024).

*Fischer*, like the present case, involved the application of the obstruction statute to someone who participated in the events at the Capitol on January 6, 2021. It found that the D.C. Circuit's opinion,[1] holding that the obstruction statute "encompasses all forms of obstructive conduct" was error.

Defendant was not convicted of obstruction of an official proceeding, but of *conspiring* to obstruct an official proceeding.

Had that law not been applied in the context of this case, however, Mr. Parker never could have been charged with conspiring to violate it. It is clear that one cannot conspire to violate a law that is invalid.

Thus, Mr. Parker is actually innocent of the charge for which he was convicted, and his conviction should be vacated pursuant to 28 U.S.C. §2255.

In the alternative, defendant moves this Court to issue a writ of coram nobis and set aside Mr. Parker's conviction on this count.

WHEREFORE, for the foregoing reasons, as well as for such other reasons as may appear to this Court, defendant moves for the relief requested, and for any other relief this Court deems just and proper.

---

[1] 64 F.4th 329, 337 (2023).

Respectfully submitted,

/s/

_____________________________

Stephen F. Brennwald, Esq.
Bar No. 398319
Brennwald & Robertson
922 Pennsylvania Avenue, SE
Washington, D.C. 20003
(301) 928-7727
sfbrennwald@cs.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was sent, by ECF, this 19th day of September, 2024, to all parties of record.

/s/

Stephen F. Brennwald