IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| vs. | * | Case No. 1:21-cr-00028-APM-2 |
| | * | |
| **DONOVAN CROWL** | * | |
| **Defendant** | * | |
| | * | |

**ooOoo**

### CONSENT MOTION TO VACATE DONOVAN CROWL'S JUDGMENT OF GUILT ON COUNT ONE AND FOR THE PREPARATION OF A REVISED PRESENTENCE REPORT

Donovan Crowl, through undersigned counsel, respectfully moves this Honorable Court to vacate its entry of a judgment of conviction after a bench trial as to Count One, which charges a conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k). *See* Oral ruling (ECF 1170), Tr. 7/12/23 at 242 (finding that government proved guilt beyond a reasonable doubt as to Count One). The motion is made pursuant to *Fischer v. United States*, 144 S. Ct. 2176 (2024), which narrowed the scope of § 1512(c)(2), the substantive provision that defines the elements of the § 1512(k) conspiracy. *Fischer* held that 18 U.S.C. § 1512(c)(2) criminalizes "obstruct[ing], influenc[ing], or imped[ing] any official proceeding," *id.* at 2181 (quoting 18 U.S.C. § 1512(c)(2)), only if the "defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so," *id.* at 2190.[1]

AUSA Rakoczy does not object to this request but has stated that she intends to file a written response setting forth the government's position.

---

[1] The Supreme Court's decision in *Fischer* applies to § 1512(k), the offense of which Mr. Crowl stands convicted because it criminalizes anyone who "conspires to commit" a § 1512(c)(2) offense.

**REQUEST FOR REVISED PRESENTENCE REPORT**

With the consent of the government, Mr. Crowl further respectfully requests that the Court Order the Probation Department to revise the Presentence Report to exclude the calculation of the § 1512 conviction and revise any sentencing recommendations accordingly.

## I. PROCEDURAL BACKGROUND

On July 12, 2023, after a bench trial, the Court found that the government had proved beyond a reasonable doubt that he had conspired to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k). The Court's decision was based on Stipulated Facts (ECF 987). With the consent of the government, however, Mr. Crowl preserved his objections to the application of § 1512 to his conduct on January 6, 2021.[2]

## II. *FISCHER* REQUIRES THAT THE COURT VACATE MR. CROWL'S § 1512(k) CONVICTION

In *Fischer*, the Supreme Court considered the scope of the residual "otherwise" clause in 18 U.S.C. § 1512(c)(2). The government argued that "(c)(2) capture[s] all forms of obstructive conduct *beyond* Section 1512(c)(1)'s focus on evidence impairment." *Fischer*, 144 S. Ct. at 2185 (cleaned up). Fischer argued "that (c)(2) applies only to acts that affect the integrity or availability of

---

[2] *See, e.g.,* Statement of Elements and Facts for Stipulated Trial (ECF 987) at 2 ("Defendant Crowl and Beeks raise/and or renew objections to particular elements in Count One and Seven."); Motion to Dismiss Count I and II for Failure to State an Offense and for Vagueness (ECF 288); Reply in Support (ECF 400); Notice of Supplemental Authority (ECF 413); Notice of New Authority re *US v. Sandlin; U.S. v. Reffitt* (ECF 541). *See also* Transcript of Stipulated Bench Trial (ECF 1169), 7/11/23 at 94-96 (denying Mr. Crowl's request that the "the Court to adopt Judge Katsas' statement in *Fischer*, in the *Fischer* decision, which limits obstructive conduct to "conduct that impairs the integrity or availability of evidence. . . . And then further asks that Judge Walker's requirement that the defendant act with "an intent to procure an unlawful benefit either for himself or some other person, the defendant must not only know he was obtaining an unlawful benefit," he must also -- "it must also be his objective or purpose.")

evidence." *Id*. (cleaned up). Rejecting the government's argument, the Supreme Court held that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Id*. at 2190.

Significantly, Chief Justice Robert's majority opinion emphasized that Section 1512(c)(2)'s opening clause was limited to "evidence." The 6-3 majority rejected the government's "theory" that Section 1512(c) "consists of a granular subsection (c)(1) focused on obstructive acts *that impair evidence* and an overarching subsection (c)(2) that reaches all other obstruction." *Id*. at 2189 (emphasis added). After a thorough statutory construction analysis of § 1512(c), the Chief Justice wrote: "Rather than transforming this *evidence-focused statute* into a one-size-fits-all solution to obstruction of justice, we cabin our reading of subsection (c)(2) in light of the context of subsection (c)(1)." *Id*. (emphasis added).

In addition to statutory structure and text, the *Fischer* majority relied on Congress's "obvious" purpose in enacting § 1512, *i.e.*, to plug a "loophole" in federal law wherein the individuals who actually destroyed documents could not be punished under existing statutes. *Id*. at 2186. The majority concluded that "subsection (c)(2) was designed by Congress to capture *other forms of evidence* and other means of impairing *its* integrity or availability beyond those Congress specified in (c)(1)." *Id*. (emphasis added). In short, to prove a violation of Section 1512(c)(2), the government must show, *inter alia*, that a defendant impaired, or attempted to impair, "evidence" in the form of records, documents, objects or other similar "things."

3

In convicting Mr. Crowl of the § 1512(k) conspiracy, the Court applied different elements than are required under *Fischer*. The government was not required to prove, and did not prove, that Mr. Crowl "impaired the availability or integrity for use in an official proceeding records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Fischer*, 144 S. Ct. at 2185. The Court made no finding on that element.

## CONCLUSION

For all these reasons, therefore, Mr. Crowl respectfully requests that this Honorable Court vacate the judgment of guilt under 18 U.S.C. § 1512(k).

WHEREFORE, Mr. Crowl respectfully moves this Honorable Court to (1) vacate the judgment of guilt on Count One, for a violation of 18 U.S.C. § 1512(k); and (2) order the Probation Department to revise its Presentence Report and any Sentencing Recommendations to eliminate the guidelines calculation for the § 1512(k) violation.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record 8th day of January, 2025 on all counsel of record via ECF.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**